UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: *Mildred Mitchell v. Bayer Corporation, et al.* No. 3-cv-2075. | MDL NO. 1407 ORDER GRANTING DEFENDANT PERRIGO COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND CMO 15 |

Before the court is Defendant L. Perrigo Company's ("Perrigo") motion to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Case Management Order 15 ("CMO 15"), for failure to serve a summons and individual complaint upon Perrigo. Having reviewed the motion and the opposition thereto, the court finds and rules as follows:

Plaintiff Mildred Mitchell originally filed her action as part of a multi-plaintiff complaint entitled *Brown, et al. v. Bayer Corporation, et al.*, No. 3-cv-74 on January 28, 2003 in the Middle District of Louisiana. Perrigo was not a named defendant in the case. The case was subsequently transferred to this multi-district litigation on April 29, 2003. Pursuant to CMO 15,

ORDER
Page - 1 -

plaintiff filed an individual complaint on June 20, 2003. Again, the individual complaint did not name Perrigo as a defendant. On July 26, 2003, plaintiff filed an amendment to the multi-plaintiff action filed on January 28, 2003 adding Perrigo as a defendant. Thereafter, on August 15, 2003, plaintiff amended the individual complaint filed on June 20, 2003 naming Perrigo as a defendant. On October 20, 2003, Perrigo filed an answer to the amended multi-plaintiff complaint filed on July 26, 2003. Perrigo now moves to dismiss the June 20, 2003 individual complaint, claiming that it has never been served with a copy of the complaint.

> Rule 4(m) provides:
>
> If service of a Summons and Complaint is not made upon a Defendant within 120 days after the filing of the Complaint, the Court upon Motion or its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that Defendant or direct that service be effected within a specified time; provided that if the Plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period.

Fed. R. Civ. 4(m). Plaintiff failed to serve Perrigo within the 120 days mandated by Rule 4(m). Nor has plaintiff filed a request for an extension of time to serve Perrigo. In plaintiff's spare two paragraph opposition to the motion to dismiss, plaintiff simply asserts that she "filed and served her individual Complaint in compliance with the provisions of CMO 15 on Defendant on June 20, 2003, and August 15, 2003." However, review of the court docket shows that a certificate establishing service was not filed with the court. Nor did plaintiff provide the court

ORDER
Page - 2 -

with such a certificate in support of her opposition to Perrigo's motion. As such, plaintiff has failed to establish that service was indeed completed within the requisite 120 days.

In addition, CMO 15 requires all plaintiffs in cases currently pending in MDL 1407 that contain multiple plaintiffs to file and serve individual complaints within thirty days of the entry of CMO 15. CMO 15 was entered on May 29, 2003. Therefore, plaintiff had until June 28, 2003 to file and *serve* her individual complaint. Plaintiff timely filed the individual complaint, however, as discussed *infra*, she failed to serve the complaint within the requisite 30 days. Indeed, twenty months later, she still has not served Perrigo.

In determining whether to dismiss a claim for failure to comply with a court order, a district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). The court is of the opinion that dismissal is warranted.

First, both the public's interest in the expeditious resolution of litigation and the court's need to manage its docket dictate dismissal. Plaintiff failed to timely serve a severed complaint despite the court's clear instructions to do so within a certain time period. The practical effect of plaintiff's failure to

1  comply with CMO 15 is that the case has been prevented from moving
2  forward. Such lack of diligence does not serve the public interest
3  in expeditious resolution of litigation, nor does it assist the
4  court in managing its docket. <u>Yourish v. California Amplifier</u>, 191
5  F.3d 983, 990-91 (9th Cir. 1999). In fact, this failure to comply
6  with court orders actively diverts the court's time and resources.
7      Second, CMO 15 was designed to provide a framework for
8  plaintiffs to provide defendants with the specific information
9  necessary for defendants to defend against plaintiffs' allegations.
10 Plaintiff's failure to serve a severed complaint in a timely
11 fashion prejudices Perrigo's ability to proceed with the case
12 effectively, thus prejudicing Perrigo. <u>Pagtalunan</u>, 291 F.3d at
13 642-43.
14     Third, while there is a preference that cases be disposed of
15 on the merits, here, given plaintiff's failure to comply with CMO
16 15, it is impossible to dispose of this case on that basis.
17 Plaintiff's inability or unwillingness to serve a severed complaint
18 is not excusable. <u>See</u>, <u>e.g.</u>, <u>In re Exxon Valdez</u>, 102 F.3d 429, 433
19 (9th Cir 1996) ("policy [of disposing cases on their merits] lends
20 little support to appellants, whose total refusal to provide
21 discovery obstructed resolution of their claims on the merits.").
22 Although less drastic sanctions may exist, the court is of the
23 opinion that dismissal is warranted where plaintiff has not
24 provided a convincing reason for her failure to comply with CMO
25 15. Plaintiff's failure to comply with CMO 15 warrants dismissal of
26 the complaint with prejudice.

1    Based on the foregoing, the court GRANTS Perrigo's motion to
2 dismiss, and hereby DISMISSES plaintiff's claims against Perrigo
3 with prejudice.

    DATED at Seattle, Washington this 11th day of August, 2005.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5 -